**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597; | ) ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS WELFARE FUND, LOCAL 597; | ) ) | Case No.: 09 C 5080 |
| BOARD OF TRUSTEES of the PIPE FITTERS TRAINING FUND, LOCAL 597; the | ) ) | Honorable Judge Zagel |
| BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; BOARD OF TRUSTEES of the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| COMPASS MECHANICAL SERVICES, INC., an Illinois Corporation; and RAUL ROMERO, an Individual. | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

The Defendants, COMPASS MECHANICAL SERVICES, INC. ("COMPASS"), and RAUL ROMERO ("ROMERO"), by its attorneys, Allocco, Miller & Cahill, P.C., answer Plaintiffs' Complaint as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

**ANSWER**: Defendants admit the allegations in Paragraph 1.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, and the PIPE FITTERS' TRAINING FUND, LOCAL 597 ("TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**ANSWER**: Defendants admit the allegations in Paragraph 2.

### PARTIES

3. The Board of Trustees of the TRUST FUNDS, is authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

**ANSWER**: Defendants admit the allegations in Paragraph 3.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is authorized to administer the INDUSTRY FUND.

**ANSWER**: Defendants admit the allegations in Paragraph 4.

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is authorized to administer the PFCGC.

**ANSWER**: Defendants admit the allegations in Paragraph 5.

6. The UNION is the bargaining representative of Defendant COMPASS'S bargaining unit employees.

**ANSWER**: Defendants admit the allegations in Paragraph 6.

7. The Defendant COMPASS is an Illinois corporation with its principal place of business located in St. Charles, Illinois.

**ANSWER**: Defendants admit that COMPASS is an Illinois corporation and deny the remaining allegations in Paragraph 7.

8. ROMERO is President and sole shareholder of Defendant COMPASS.

**ANSWER**: Defendants admit that Romero is president of COMPASS and deny the remaining allegations in Paragraph 8.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER**: Defendants restate their answers to the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. COMPASS is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

**ANSWER:** Defendants admit the allegations in Paragraph 10.

11. Through the agreements referred to in paragraph 10, the Defendant COMPASS also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

**ANSWER:** Defendants admit the allegations in Paragraph 11.

12. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, COMPASS is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

**ANSWER:** Defendants admit the allegations in Paragraph 12.

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

**ANSWER:** Defendants admit the allegations in Paragraph 13.

14. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1%

per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

**ANSWER:** Defendants admit the allegations in Paragraph 14.

15. Pursuant to the Collective Bargaining Agreement, COMPASS is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

**ANSWER:** Defendants admit the allegations in Paragraph 15.

16. On or about December 6, 2007, Defendants COMPASS and ROMERO entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION for liability incurred during the period of November 1, 2006 through October 1, 2007. (A copy of the Settlement Agreement is attached as Exhibit 3.)

**ANSWER:** Defendants admit the allegations in Paragraph 16.

17. The Settlement Agreement requires COMPASS and ROMERO to payoff the principal balance of $60,687.15 in nine (9) monthly installments of $7,441.01 commencing on January 1, 2008, and continuing through September 1, 2008.

**ANSWER:** Defendants admit the allegations in Paragraph 16.

18. The Settlement Agreement further provides that COMPASS shall submit ongoing Contribution Reports and payments to the TRUST FUNDS and UNION in a timely manner throughout the duration of the Agreement.

**ANSWER:** Defendants admit the allegations in Paragraph 18.

19. The terms of the Settlement Agreement provide that ROMERO shall be individually liable for all of the obligations of COMPASS under the terms of the Agreement.

**ANSWER:** Defendants admit the allegations in Paragraph 19.

5

20. COMPASS and ROMERO have failed to submit monthly settlement payments for the months of June, July and August of 2008, resulting in unpaid contributions in the amount of $18,178.03.

**ANSWER:** Defendants admit the allegations in Paragraph 20.

21. Due to their repeated failure to submit Settlement Payments in a timely manner, COPMASS and ROMERO currently owe the TRUST FUNDS $5,667.55 in unpaid liquidated damages and $1,655.96 in unpaid interest pursuant to the terms of the Settlement Agreement.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

22. Defendant COMPASS has failed to submit ongoing contribution payments to the TRUST FUNDS and the UNION for the time period May 2008 through June 2009 resulting in unpaid contributions in the amount of $61,092.28.

**ANSWER:** Defendants admit the allegations in Paragraph 22.

23. Due to COMPASS'S failure to submit Contribution Reports and payments in a timely manner, liquidated damages have been assessed in the amount of $9,932.80 and interest has accrued in the amount of $5,922.89, pursuant to the terms of the Collective Bargaining and Trust Agreements.

**ANSWER:** Defendants are without sufficient knowledge or information to forma belief as to the truth of the allegations in paragraph 23.

24. An audit conducted by Legacy Professionals, LLP on November 24, 2008, revealed that COMPASS had underreported hours and failed to report all eligible employees resulting in contribution deficiencies in the amount of $30,698.10.

6

**ANSWER:** Defendants admit that an audit was conducted by Legacy Professionals, LLP and deny all remaining allegations in paragraph 24.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from COMPASS and ROMERO.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25.

26. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendants admit the allegations in paragraph 26.

27. COMPASS and ROMERO are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Settlement Agreement, Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:** Defendants admit the allegations in paragraph 27.

    COMPASS MECHANICAL SERVICES, INC. and
    RAUL ROMERO

       /s/ Todd A. Miller
    One of Defendant's Attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 15th day of September, 2009, which will send notice of such filings to the following:

William P. Callinan
Johnson & Krol, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587

/s/ Todd A. Miller
One of Defendants' Attorneys


Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841